UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TODD JEFFREY STEIN and CATHERINE ) | |
| WALSH STEIN, ) | |
| ) | |
| Debtors ) | Case No. 1:17-cv-00561-TWP-MJD |
| _____ ) | |
| ) | |
| ELLIOTT D. LEVIN, Chapter 7 Trustee of ) | |
| Todd Jeffrey Stein and Catherine Walsh Stein, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KEVIN A. PAIGE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO WITHDRAW REFERENCE

Before the Court is a Motion to Withdraw Reference from the United States Bankruptcy Court for the Southern District of Indiana to the United States District Court for the Southern District of Indiana filed by Defendant Kevin A. Paige ("Paige") pursuant to 28 U.S.C. § 157(d). (Filing No. 1.) Plaintiff Elliot D. Levin, Chapter 7 Trustee of Todd Jeffrey Stein and Catherine Walsh Stein ("the Trustee"), objects to Paige's request to withdraw reference. (Filing No. 2.) For the following reasons, the Court **sustains** the Trustee's objection and **denies** the Motion to Withdraw Reference.

### I.  BACKGROUND

On March 25, 2015, Todd Jeffrey Stein ("Stein") and Catherine Walsh Stein (collectively, "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this district's bankruptcy court. On August 3, 2016, the Trustee filed a Complaint in the bankruptcy

court against Paige, seeking to avoid fraudulent conveyances made by Stein to Paige and to recover the transferred property or the value thereof. On October 4, 2016, Paige filed an Answer to the Trustee's Complaint, denying the fraudulent conveyance allegation and requesting a trial by jury. ([Filing No. 1-2 at 2](#).) Paige noted he "does not consent to adjudication of this fraudulent transfer claim by the Bankruptcy Judge." *Id.* at 20.

Thereafter, on February 22, 2017, Paige sought relief in this Court by filing a Motion to Withdraw Reference, reasserting he does not consent to adjudication by the bankruptcy judge. ([Filing No. 1](#).) The Trustee objects to the request to withdraw reference, arguing—in the interest of the judicial economy—the bankruptcy court should handle all aspects of the case until the matter is ready for trial. ([Filing No. 2](#).)

## II. LEGAL ANALYSIS

Each district court may provide that bankruptcy matters "shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157 (a). At its discretion, a district court may withdraw reference to any bankruptcy proceeding for cause shown. *Id.* at § 157(d). Courts consider several factors when determining whether to withdraw reference, including: 1) judicial economy, 2) convenience, 3) the particular court's knowledge of the facts, 4) promoting the uniformity and efficiency of bankruptcy administration, 5) reduction of forum shopping and confusion, 6) conservation of debtor and creditor resources, and 7) whether the parties requested a jury trial. *In re Dreis & Krump Mfg. Co.*, No. 94 C 4281, 1995 WL 41416, at *1 (N.D. Ill. Jan. 31, 1995) (quoting *In re Sevko, Inc.,* 143 B.R. 114, 117 (N.D.Ill.1992)). The moving party has the burden of establishing sufficient cause. *Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-0476 SEB-VSS, 2003 WL 21755782, at *1 (S.D. Ind. July 25, 2003).

## III. DISCUSSION

Paige asks the Court to withdraw reference so that he may litigate the Trustee's fraudulent conveyance claim before a jury. "In core proceedings, [] bankruptcy judges may hear and determine all cases and may enter appropriate orders and judgments, subject to appellate review by the district court." *In re: Garrison*, No. 115CV00588RLYDKL, 2016 WL 454807, at *2 (S.D. Ind. Feb. 5, 2016) (citing 28 U.S.C. §§ 157(b)(1), 158) (quotation marks omitted). Core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances," among other things. 28 U.S.C. § 157(b)(2)(H). Bankruptcy judges, however, lack authority to conduct proceedings or jury trials without the express consent of all parties. *Id.* at 157(e); see also *Good*, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003).

The Trustee argues the Court should not withdraw reference at this stage of litigation and should permit the bankruptcy court to handle all aspects of the case until trial. The Trustee relies on *In re Healthcentral.com*, when contending it is universally held that a Seventh Amendment jury trial right does not mean a bankruptcy case must instantly transfer to a district court. *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (holding, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court"); *see also In re Dreis*, 1995 WL 41416, at *3 (noting, in cases where a party objects to a bankruptcy judge conducting a jury trial, district courts may withdraw reference when the case is ready to go to trial); *In re Neumann Homes, Inc.*, 414 B.R. 383, 387 (N.D. Ill. 2009) (holding, "[i]n the interests of judicial economy…, the bankruptcy court is better suited to manage all pretrial matters and related issues arising out of the estate. Should a jury trial become necessary… then [the district court] can consider whether to withdraw the reference at that time").

3

The Court agrees with the Trustee. There is no dispute that a fraudulent conveyance claim is triable before a jury in this Court. *See Good*, 2003 WL 21755782, at *3 (noting "[f]raudulent conveyance…, negligence, and all other legal actions that are not actions in equity are triable before a jury"). The issue before the Court, however, is whether the right to a jury trial is sufficient cause to *instantly* withdraw reference from a bankruptcy court.

The Court finds that at this early stage in the case, the more efficient course for now, is to allow the matter to remain with the bankruptcy court. The mere request for a jury trial is not sufficient cause for immediate withdrawal. *See In re Dreis*, 1995 WL 41416, at *3 (listing factors); *In re Neumann Homes*, 414 B.R. at 386 (same); *see also In re Healthcentral.com*, 504 F.3d at 787; *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) (noting, "[o]ur holding that bankruptcy judges are not authorized to conduct jury trials does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter... "); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993) (same).

The Court notes that the bankruptcy court has presided over the Trustee's fraudulent conveyance Complaint since August 3, 2016, and set July 21, 2017 as the dispositive motions deadline. ([Filing No. 1-2 at 2](), 4.) Based on the record, the Court concludes that the bankruptcy court is familiar with the facts of this case and better equipped to manage all pretrial matters and issues arising out of the Debtors' bankruptcy estate. The Court also finds Paige has not established that immediate withdrawal better serves the judicial economy or the administration of justice. Accordingly, the Court **denies** Paige's request to withdraw reference at this stage of the proceedings

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Kevin Paige's Motion to Withdraw Reference ([Filing No. 1](#).) Similar to an order denying summary judgment, the order denying immediate withdrawal is not a "final decision" and, if a jury trial becomes necessary, litigation will proceed in this Court. *See Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 888 (7th Cir. 2004). This action will remain open on the docket and parties are to file a status report if the case is resolved short of jury trial or within 180 days, whichever is sooner.

**SO ORDERED**.

Date: 6/2/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey O. Meunier
jom@mandmlawyers.com

John M. Rogers
RUBIN & LEVIN PC
johnr@rubin-levin.net

James E. Rossow, Jr.
RUBIN & LEVIN, PC
jim@rubin-levin.net